UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JULIAN PHILIP BLANCHARD,<br><br>Defendant. | Criminal Action No. 18-376 (JEB) |

## MEMORANDUM OPINION

Defendant Julian Philip Blanchard moves *pro se* for compassionate release from his 60-month prison sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). He argues that the Bureau of Prisons' inability to provide vocational training and rehabilitative programming, as well as his own predisposition to health problems, serve as extreme and compelling circumstances to warrant such compassionate release. As the Court is not convinced, it will deny Defendant's Motion.

**I.      Background**

On January 15, 2019, Blanchard pled guilty to one count of Distribution of Child Pornography under 18 U.S.C. § 2252(a)(2). This Court sentenced him to 60 months in prison and 60 months of supervised release on January 27, 2020. See ECF No. 35 (Judgment). He is scheduled to be released December 2, 2022. See ECF No. 38 (Gov't Opposition), Exh. 1 (BOP Sentence Computation) at 2.

On June 3, 2022, Blanchard petitioned his facility, FCI Oakdale 1, for compassionate supervised release to home confinement pursuant to under 18 U.S.C. §§ 3582(c)(1)(A)(i), 3553(a), and the Eighth Amendment. See ECF No. 37 (Mot.) at 3. Defendant claims that his work history in the oil-and-gas-transport industry predisposes him to the "development of serious

1

health conditions" and thus increases his risk from COVID-19.  Id. at 4.  As of October 5, FCI Oakdale 1 has 878 inmates and two active cases of COVID-19 (1 inmate and 1 staff member).  See COVID-19 Coronavirus: COVID-19 Cases, Fed. BOP, https://www.bop.gov/coronavirus/ (last visited Oct. 5, 2022).  Defendant further alleges that the lack of BOP programming and rehabilitative opportunities, due in large part to COVID-19, also weighs in favor of his release.  See Mot. at 5–6.  The Government opposes release.

## II.      Legal Standards

Federal courts are generally forbidden from altering a term of imprisonment once it has been imposed, "but the rule of finality is subject to a few narrow exceptions."  Freeman v. United States, 564 U.S. 522, 526 (2011).  One such exception is codified at 18 U.S.C. § 3582(c)(1)(A), which is deemed the "compassionate release statute."  This section, as modified by the First Step Act of 2018, Pub. L. No. 115-391, allows courts to alter a sentence upon motion by a defendant who has exhausted his administrative remedies.  See 18 U.S.C. § 3582(c)(1)(A).

Once the exhaustion requirement has been met, a defendant must show that "extraordinary and compelling reasons warrant such a reduction" and that the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  Id.  In its policy statement, the Commission has stated that "extraordinary and compelling reasons" exist where the defendant is "suffering from a serious physical or medical condition" or "experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility."  U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1(A)(ii).  The Commission also acknowledges, however, that there may be "[o]ther [r]easons" that extraordinary and compelling circumstances exist beyond, or in combination with, the reasons

described.  Id. § 1B1.13 cmt. n.1(D).  It is clear that medical risks from the COVID-19 pandemic may constitute one such reason.  United States v. Morris, No. 12-154, 2020 U.S. Dist. LEXIS 91040, at *20 (D.D.C. May 24, 2020).

If a defendant makes such a showing, the statute and the policy statement instruct courts to consider the sentencing factors set out in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); U.S.S.G § 1B1.13.  Courts must analyze these factors "with an eye toward whether it is necessary to maintain the prior term of imprisonment despite the extraordinary and compelling reasons to modify the defendant's sentence." United States v. Johnson, No. 15-125, 2020 U.S. Dist. LEXIS 86309, at *13 (D.D.C. May 16, 2020).

**III.    Analysis**

The Court acknowledges that Defendant sufficiently exhausted his administrative remedies pursuant to the statute by submitting a request for compassionate release, which was subsequently denied by the warden in writing.  See Mot., Exh. B (Letters) at 17–19.  The Government does not dispute that conclusion.  See Gov't Opp. at 19.  The Court thus considers whether Blanchard has established extraordinary and compelling circumstances warranting his release.

   A.    Extraordinary and Compelling Circumstances

Blanchard first asserts that he is especially vulnerable to COVID-19 because his history of transporting carcinogenic substances means that he may be predisposed to more serious health conditions.  See Mot. at 2.  This Court, however, has previously explained that it "cannot consider [a] potential future [risk factor] to be a medical condition warranting early release." United States v. Han, No. 15-142, 2021 WL 880466, at *3 (D.D.C. Feb. 12, 2021).  It further quoted a decision from the Western District of Pennsylvania holding that a defendant "must at

least show . . . a sufficiently serious medical condition . . . placing [him] at a uniquely high risk of grave illness or death if infected by COVID-19" and "an actual, non-speculative risk of exposure." Id. at *2 (quoting United States v. Somerville, 463 F. Supp. 3d 585, 597 (W.D. Pa. 2020)). As the Government points out, however, Blanchard does not presently have any serious medical conditions and is generally in good health. See Gov't Opp. at 23.

In addition, Defendant has been twice vaccinated against COVID-19. Id. The Government collects an impressive list of cases in which this Court and others have refused to find extraordinary and compelling circumstances related to COVID-19 exposure risk when inmates have been vaccinated. See United States v. Long, No. 99-182, 2021 WL 3185600, at *4 (D.D.C. July 28, 2021) ("Because [defendant] is fully vaccinated against COVID-19, . . . these conditions do not establish extraordinary and compelling circumstances that would warrant a sentence reduction."); United States v. Edwards, No. 03-234, 2021 WL 3128870, at *3 (D.D.C. July 22, 2021) ("[S]everal courts in this District have recognized that vaccines reduce the risk that inmates with underlying conditions face from COVID-19"); United States v. Martinez, No. 05-445-1, 2021 WL 2322456, at *2 (D.D.C. June, 7, 2021) ("[A]lthough [defendant] may have underlying conditions that could increase his risk of severe illness from the virus, the fact that he has been fully vaccinated mitigates that risk almost entirely. . . [T]he Court finds that the COVID-19 pandemic does not pose an 'extraordinary and compelling' reason justifying a reduction in [defendant's] sentence."); United States v. Hicks, No. 93-97-2, 2021 WL 1634692, at *6 (D.D.C. Apr. 27, 2021) ("[T]he fact that he has already received his first dose of the COVID-19 vaccine and will soon receive his second dose substantially diminishes his risks from potential exposure to COVID-19."); United States v. Shepard, No. 07-85, 2021 WL 848720, at *5 (D.D.C. Mar. 4, 2021) ("Given that [defendant] received his first dose of the vaccine about

two weeks ago (and, presumably, will receive his second dose in the near future), he cannot show that he needs to be released from prison to protect him from risks associated with COVID-19."); see also United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). Last, the actual risk of contracting COVID-19 at FCI Oakdale 1 is quite low. As of October 5, 2022, only 1 out of 878 of the inmates had an active case. See COVID-19 Coronavirus: COVID-19 Cases, Fed. BOP, https://www.bop.gov/coronavirus/ (last visited Oct. 5, 2022).

      Defendant next maintains that BOP's lack of rehabilitative programming and vocational training necessitates compassionate release to reduce his "future likelihood of recidivism." Mot. at 1. Federal courts have said that 18 U.S.C. § 3582(c)(1)(A)(i) "requires a justification for release that is both unusual (i.e., unique to the inmate, and beyond the ordinary hardship of prison) and significant (i.e., serious enough to make release appropriate)." Somerville, 463 F. Supp. 3d at 596 (emphasis added); see United States v. Blair, No. 09-134, 2022 WL 2953146, at *2 (W.D. Pa. July 26, 2022). Defendant fails to demonstrate how the universal reduction of vocational training and rehabilitative programs across BOP facilities is unique to him and thus should be considered an extraordinary and compelling circumstance. Blanchard's medical conditions and BOP's lack of programming, in sum, are not sufficient to warrant early release.

      B.  Section 3553(a) Factors

      As Blanchard did not meet the requisite "extraordinary and compelling" requirement threshold, the Court need not consider whether his release would be consistent with the factors set forth in 18 U.S.C. § 3553(a) and the Sentencing Commission's policy statements. United States v. Winston, No. 94-296-11, 2021 WL 2592959, at *6 (D.D.C. June 24, 2021) ("[B]ecause

[defendant] has not shown this threshold requirement for compassionate release, the Court need not consider whether the relevant § 3553(a) factors support a sentence reduction."); United States v. Wyche, No. 89-36, 2022 WL 2643568, at *7 (D.D.C. July 8, 2022) (same).

   C. Eighth Amendment Claim

Defendant also offers a vague Eighth Amendment assertion that BOP facilities may not intentionally subject inmates to infectious maladies and that they must remedy unsafe conditions. See Mot. at 6.  As discussed above, Blanchard has not shown a "non-speculative likelihood of exposure to the virus."  Han, 2021 WL 880466, at *3 (finding that where "25 of 595, or 4.2%, of inmates at the facility had active cases of COVID-19," number did not establish likelihood of COVID-19 exposure).  In any event, if he wishes to file a suit with a constitutional claim, a motion for compassionate release is not the vehicle to do so.

**IV. Conclusion**

Since Blanchard has failed to establish the requisite extraordinary and compelling circumstances warranting compassionate release, the Court will deny his Motion.  A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: October 6, 2022